SUMMARY ORDER
Plaintiff-Appellant Susan N. Burgess appeals from the judgment, dated March 31, 2008, of the United States District Court for the Western District of New York which granted the defendants’ motions to dismiss her federal law claims. The judgment memorializes Judge Siragusa’s decision and order, dated March 28, 2008, 2008 WL 850336, which granted the motions and declined to exercise jurisdiction over Burgess’s common law claims.
We assume the parties’ familiarity with the complicated events giving rise to the instant suit. According to her complaint, which was filed on June 5, 2007, Burgess is “a solo practitioner attorney,” residing in Brockport, New York. In 2003, Burgess filed an employment discrimination complaint in the U.S. District Court for the Western District of New York on behalf of Rene Wood (“the Wood action”), a part-time special education co-teacher who had been employed by the Pittsford Central School Distinct (“the District”). Named as defendants in that complaint were the District, the Board of Education of the Pitts-ford Central School District (“the Board”), and John P. Schiess, the District’s Director of Human Resources (collectively “the School Defendants”). The School Defendants were represented in the Wood action by Harris Beach PLLC, a law firm located in Pittsford which employed Rayne Hammond Benz as an associate (collectively “Harris Beach”).
The instant suit concerns allegations of discovery abuse in the Wood action, which Burgess contends amounted to “a calculated scheme among defendants to frame” her in the eyes of the district court and to call into question her “fitness as an attorney.” Briefly, these allegations involve Burgess’s interactions with a potential third-party witness in the Wood action, “Jane Doe.” Burgess asserts that the concerted actions of the School Defendants and Harris Beach with respect to her contacts with Doe amounted to a plan
designed not only to prevent plaintiff from having further contact with Doe, who was upset with the District and had expressed that she might sue the District, but [also] to prevent plaintiff from speaking to any other District employee who might either have information that would further plaintiffs case in [the Wood action] or who might have claims of their own against the District.
Based upon these allegations, Burgess asserts federal law claims for violation of her rights under the First Amendment and 42 U.S.C. Section 1983, and for retaliation under Title IX of the Education Amendments, 20 U.S.C. Section 1681, and Section 504 of the Rehabilitation Act, 29 U.S.C. Section 794. Burgess also asserts New York state law claims of defamation, false light, prima facie tort, intentional infliction of emotional distress, tortious in *660 terference with prospective business relations, and malicious prosecution.
“We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff’s favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). On the other hand, “ ‘[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.’ ” U.S. v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir.1989) (quoting 2A J. Moore, Moore’s Federal Practice, ¶ 12.07[2-5] at 63-64 (2d ed.1987)).
A. First Amendment/Section 1983 Claims. The district court correctly construed Burgess’s First Amendment claim as being brought under 42 U.S.C. Section 1983. In order to survive a motion to dismiss a First Amendment claim, a plaintiff must allege, inter alia, “that the speech or conduct at issue was protected.” Davis v. Goord, 320 F.3d 346, 352 (2d Cir.2003). Burgess asserts in her complaint that she “had a right and an obligation to question potential witnesses in [the Wood action] and was exercising her constitutional right to free speech in doing so.” But she has cited no authority — and we are aware of none — that supports the legal conclusion that an attorney’s capacity to effectively represent her client through unfettered contact with third party witnesses implicates any constitutional right of the attorney’s.[1]
B. Title IX/Rehabilitation Act Claims. The Supreme Court has held that Title IX implies a private cause of action which encompasses “Retaliation against a person because that person has complained of sex discrimination.” Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005). These standards also apply to employment discrimination claims brought under Title VII and Title IX. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n. 1 (2d Cir.2000) (citations omitted). The elements of á retaliation claim under the Rehabilitation Act are the same as the Americans with Disability Act, see Weixel v. Bd. of Educ. of New York, 287 F.3d 138, 148-49 (2d Cir.2002), which makes it unlawful for an employer to “discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.” 42 U.S.C. § 12203(a).
“Title VII, by its terms, applies only to employees.” Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 (2d Cir.2008). Neither the Rehabilitation Act nor Title IX, however, are limited to discrimination against employees. See, e.g., Murray v. New York Univ. College of Dentistry, 57 F.3d 243, 248 (2d Cir.1995) (noting that “Title IX has been construed to prohibit gender discrimination against both students enrolled in federally supported educational programs and employees involved in such programs”); J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107 (2d Cir.2004) (disabled students brought action alleging violation of Rehabilitation Act against school district). Nevertheless, the district court properly dismissed Burgess’s retaliation claims because she does not have a relationship with any of the defendants that would allow her to invoke the protections of these statutes.
*661 Burgess was not employed by any of the defendants, nor was she a student in the District. Instead, Burgess was an attorney who had brought an employment discrimination action on behalf of a client against the District, which was defended by Harris Beach. Without a direct relationship between herself and any of the defendants, there was no materially adverse action that any of the defendants could have taken against Burgess and therefore no way for them to have retaliated against her. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (noting that for action to be materially adverse it would “dissuade ... a reasonable worker from making or supporting a charge of discrimination”). Accordingly, the district court correctly dismissed Burgess’s retaliation claims.
Burgess argues that a regulation promulgated by the U.S. Department of Education indicates that even individuals without a direct relationship to a school district may bring a Title IX claim. See 34 C.F.R. Section 100.7(c) (“No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.”; emphasis added). Assuming arguendo that Burgess’s interpretation of the regulation is correct, the Supreme Court made clear in Jackson that the private right of action it recognized for Title IX retaliation did not depend on the regulations and instead arose directly from the statute. See Jackson, 544 U.S. at 178, 125 S.Ct. 1497 (“We do not rely on regulations extending Title IX’s protection beyond its statutory limits; indeed, we do not rely on the Department of Education’s regulation at all, because the statute itself contains the necessary prohibition.”). The regulation therefore does not save Burgess’s claim, because there is no private right of action to enforce the regulation to the extent that it extends Title IX protections beyond the plain meaning of the statute. See id. at 178 n. 2, 125 S.Ct. 1497 (“[P]laintiffs may not assert claims under Title IX for conduct not prohibited by that statute.”).
C. Supplemental Jurisdiction. We review the district court’s decision regarding the exercise of supplemental jurisdiction over state law claims for abuse of discretion. See Marcus v. AT & T Corp., 138 F.3d 46, 57 (2d Cir.1998); 28 U.S.C. § 1367(c). In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994). Burgess has not posited any reason warranting a departure from this rule. Accordingly, we affirm the district court’s decision declining to exercise supplemental jurisdiction.
D. Motion to Amend the Complaint. Finally, the district court did not abuse its discretion by not allowing Burgess to amend her complaint. See Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir.1999).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED

. Burgess’s Section 1983 claim against Harris Beach also fails because Harris Beach is not a state actor within the meaning of the statute. See Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).